ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, CA 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Kelly.Volkar@usdoj.gov

Attorney for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER WILLIAM CHUN,<br><br>    Defendant. | Case No. 22-CR-407 JSW<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date:    May 23, 2023<br>Time:    1:00 p.m.<br><br>Judge:   Hon. Jeffrey S. White |

## INTRODUCTION

On February 14, 2023, Defendant Christopher William Wai Joon Chun appeared before the Court for the first time at his change of plea hearing and pleaded guilty pursuant to a Rule 11(c)(1)(B) plea agreement to the single count Indictment charging him with possession of child pornography (in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2)). The government submits the following sentencing memorandum to advise the Court why it believes a downward variance to a custodial sentence of 51 months of imprisonment is warranted. Probation has also recommended 51 months in custody.

U.S. SENTENCING MEMO.
22-CR-407-JSW                      1

In this case, the Court must balance heinous harm done to minor victims that Chun helped proliferate—intentionally or not—through his online purchases, with Chun's mental health struggles, prior trauma, consistent, fulsome acceptance of responsibility, and desire for rehabilitation. On one side of the scales, Chun had a rather voluminous collection of child pornography, including some videos and images depicting very young children (as detailed in the Presentence Report ("PSR")). On the other side, Chun has consistently demonstrated early and complete acceptance of responsibility for his actions, including the harm he has caused others, and expressed a desire for rehabilitation. Because Chun understands what he did was wrong, understands what drove him to make illegal choices, and has taken strides to avoid such misconduct again in the future, the government respectfully submits that the goals of sentencing are better served by imposing a downward variance, and the government thus recommends a sentence of 51 months of imprisonment, to be followed by at least five years of supervised release, and accompanied by imposition of $79,000 in restitution, forfeiture of Chun's electronic devices containing the child pornography, and at least $5,100 as a special assessment.

## BACKGROUND

### A.    Offense Conduct

The charged offense arises from an investigation into a website on the dark web that sells child pornography, beginning with "ilovecp" in the link name, in exchange for a fee using bitcoin. PSR ¶¶ 7–11. Homeland Security Investigations ("HSI") conducted undercover purchases on this website, including in July 2019 of one child pornography package titled "bro-sis_s1", and confirmed that it did, indeed, contain child pornography. PSR ¶¶ 7–8. HSI began investigating other purchasers of this and other child pornography packages for sale and determined that purchases made through Coinbase Commerce had additional identifying details that could be traced. PSR ¶¶ 9–10. Through Coinbase Commerce, HSI traced a purchase of the "bro-sis_s1" package for approximately $50 back to Chun via his IP address and his driver's license that was submitted to Coinbase Commerce. PSR ¶¶ 9–11. Chun resides in Concord, California. PSR ¶¶ 11–12. Local HSI agents reviewed the "bro-sis_s1" and, again, confirmed that it contains child pornography—including of children under the age of 12 years old. PSR

¶¶ 13–14 (describing several examples of images and video files included).

On July 16, 2020, HSI executed a federal search warrant at Chun's residence and seized his electronic devices, on which law enforcement ultimately found hundreds of images and videos of child pornography. *See* Dkt. 18 ¶ 11 (detailing items for forfeiture purposes). Specifically, the HSI agents seized four hard disk drives, three laptops (one Dell, one HP, and one Acer), Chun's Samsung cellphone, one small black-ringed notebook (with sketches of underage females), and one three-volume book set (titled "Lost Girls"). *See id.*; PSR ¶ 21.

After he was provided *Miranda* warnings, Chun participated in a fulsome interview with HSI during which he admitted that he possessed child pornography, expressed self-loathing for watching child pornography, and expressed a strong desire to seek treatment. *See* PSR ¶¶ 15–24.[1] Chun told HSI agents that he watches "all kinds" of pornography, including child pornography, but does not enjoy violence or fetishes and was not interested in anything involving children younger than 10 years old. PSR ¶¶ 17–22. However, Chun admitted to the HSI agents that he wished he had deleted certain material but acknowledged that the agents may still find it on his devices. *See* PSR ¶ 25 (describing file in recycling bin). Chun explained to HSI agents on multiple occasions that he had a history of struggling with severe depression and suicidal ideation and used pornography, including child pornography, as a type of therapy in response to his self-loathing. PSR ¶¶ 16–17, 23. Chun voluntarily informed HSI agents that he had at least 10 gigabytes of child pornography and directed them to the device containing the contraband. PSR ¶ 21. Chun admitted to purchasing child pornography from the "ilovecp" dark website and specifically to purchasing the "bro-sis_s1" package. PSR ¶¶ 22, 55. Chun told the agents he had last visited the "ilovecp" dark website approximately two weeks before the search warrant was executed at his house and likely last downloaded something from the website approximately two months prior. PSR ¶ 24. Chun agreed to give the HSI agents access to his email account and password so that the agents could communicate with the website operators. PSR ¶ 15. Chun stated that he had been around children of family and friends but never touched a child

---

[1] The undersigned AUSA understands from defense counsel that Chun did, indeed, voluntarily seek out mental health treatment after the search warrant and before the indictment was returned. PSR ¶¶ 95–97.

U.S. SENTENCING MEMO.
22-CR-407-JSW                                3

inappropriately.  PSR ¶ 18.  Chun had tried unsuccessfully to get help in the past and expressed an interest in rehabilitative treatment.

HSI agents discovered more than 600 images and videos across Chun's various electronic devices.  The "bro-sis_s1" package alone contained at least 370 image and video files, and at least 57 video files.  PSR ¶¶ 13–14, 61.  According to the National Center for Missing and Exploited Children (NCMEC), of all the images and videos located on Chun's electronic devices, 242 images, 188 videos and one "other" file were identified and linked to 112 known series of child pornography.  PSR ¶ 26; *see also id.* ¶¶ 26–47 (providing victim impact statements from minor victims depicted in some of these known series).

### B.     Procedural History

On October 20, 2022, a federal grand jury returned a one-count Indictment charging Chun with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  Dkt. 1; PSR ¶ 1.  On November 3, 2022, Chun surrendered to the U.S. Marshals, was arraigned and released from custody with certain conditions of supervision.  Dkt. 4; PSR ¶ 4.  On February 14, 2023, Chun pleaded guilty to the one-count Indictment via a written plea agreement.  Dkt. 18; PSR ¶ 2.  Sentencing is currently scheduled before this Court on May 23, 2023.  Dkt. 19; PSR ¶ 2.

## DISCUSSION

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, deter others from committing similar crimes, protect the public from the defendant, and rehabilitate the defendant.  18 U.S.C. § 3553(a)(2); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (*en banc*).  The statute sets forth several factors that the Court must consider in determining a just sentence:  (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines range for sentences; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities and the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).  "[T]he Guidelines should be the starting point and the initial benchmark."  *Gall v. United*

*States*, 552 U.S. 38, 49 (2007).  Though the Guidelines are not binding, they "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives."  *Rita v. United States*, 551 U.S. 338, 350 (2007).

### A.      Sentencing Guidelines Calculation

The parties and U.S. Probation are in agreement that the Total Offense Level is 28, calculated as follows (*see* PSR ¶¶ 3, 57–76, 117):

| | |
|---|---|
| Base Offense Level (U.S.S.G. § 2G2.2(a)(1)) | +18 |
| Material involved minor under 12 (U.S.S.G. § 2G2.2(b)(2)) | +2 |
| Material involved infant or toddler (U.S.S.G. § 2G2.2(b)(4)(B)) | +4 |
| Offense involved use of a computer (U.S.S.G. § 2G2.2(b)(6)) | +2 |
| Offense involved 600+ images (U.S.S.G. §§ 2G2.2(b)(7) & cmt. n.6(B)(ii)) | +5 |
| Acceptance of Responsibility (U.S.S.G. § 3E1.1(b)) | -3 |
| **Total Offense Level** | **28** |
| Criminal History Category (0 points) | I |
| **Total Range** | **78–97 months** |

### B.      The Government Recommends 51 Months of Imprisonment Based on the Section 3553(a) Factors

The seriousness of the nature and circumstances of the instant offense, the Guidelines range, and the need for general deterrence all counsel in favor of a significant custodial sentence in this case.  Chun possessed more than 600 images and videos on electronic devices linked to 112 known series of child pornography, involving children as young as toddlers.  *See* PSR ¶¶ 13–26, 57–61.  The Supreme Court has acknowledged that child pornography "produces concrete and devastating harms for real, identifiable victims."  *Paroline v. United States*, 572 U.S. 434, 457–58 (2014); *see also* PSR ¶¶ 26–47.  Furthermore, as Congress has recognized, "child pornography permanently records the victim's abuse,

and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." *United States v. Marigny*, No. 20-MJ-70755-MAG-BLF, 2020 WL 4260622, at *3 (N.D. Cal. July 24, 2020) (citing Child Pornography Prevention Act of 1996, Pub. L. No. 104-208 § 121, 110 Stat. at 3009, 3009-27 (1996)).  Indeed, "[i]t is common ground that the victim suffers continuing and grievous harm as a result of her knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse she endured." *Paroline*, 572 U.S. at 457.  Defendants who possess child pornography "play[ ] a part in sustaining and aggravating this tragedy." *Id.*  For many victims, given that "child pornography is now traded with ease on the Internet," knowledge of wide circulation "renew[s] the victim's trauma and ma[kes] it difficult for her to recover from her abuse." *Id.* at 439–41.  "In a sense, every viewing of child pornography is a repetition of the victim's abuse." *Id.* at 457.  Whether he intentionally caused this harm or not, Chun's electronic purchasing and possessing of a large amount of child pornography proliferated the abuse of many victims in this case, as detailed in their victim impact statements and summarized by Probation in the PSR.  *See* PSR ¶¶ 26–47 (quoting from victim impact statements).

However, the government believes a downward variance is justified by the § 3553(a) factors in this individual case, particularly given the history and characteristics of the defendant—specifically Chun's mental health struggles, prior trauma, consistent, fulsome acceptance of responsibility, and pursued desire for rehabilitation.  Chun has consistently demonstrated early and complete acceptance of responsibility for his actions at every stage of proceedings.  When HSI agents arrived at his residence to execute a search warrant, he voluntarily answered their questions, confessed to his wrongdoing, and pointed them to the electronic devices containing his collection of child pornography.  *See* PSR ¶¶ 15–25.  When he was informed that he faced federal charges, through his counsel, Chun consistently sought early resolution and demonstrated an intent to accept responsibility for his actions. *See* Dkts. 10, 11, 13, 15, 18, 19.  As a direct result, the parties never had an initial status conference before the Court—Chun's first appearance before the Court was his change of plea hearing.  *Id.*  Chun acknowledges and apologizes for contributing to harm suffered by children in his submission to Probation.  PSR ¶¶ 50–55.

Coupled with Chun's early and complete acceptance of responsibility is Chun's demonstrated desire for rehabilitation. During his voluntary interview with HSI agents, Chun described historical and ongoing mental health struggles, detailing his battle with severe depression and suicidal ideation at times, his use of pornography, including child pornography, as a type of therapy—yet acknowledging that fed a cycle that led to more self-loathing. PSR ¶¶ 15–18, 23, 94–95. Chun has sought to break the cycle. Chun described a history of attempting to seek rehabilitative help but only encountered scorn for his predilections. Chun described the federal agents arriving at his residence as a "wake-up call" and, in the months thereafter, did in fact seek rehabilitative services. *See* PSR ¶¶ 95–97. Chun also described in his interview with Probation childhood trauma that may have contributed to—but does not excuse— his underlying offense. PSR ¶ 53. Chun's childhood trauma and ongoing mental health issues do not absolve him of responsibility for his conduct, of course, but they deserve consideration at sentencing. At this juncture, the government is willing to give Chun a fighting chance at demonstrating ongoing efforts to seek rehabilitation.

In short, the government believes a downward variance is warranted by the application of the § 3553(a) factors in this case. One way to determine what that variance, if appropriate, would look like is to consider what the Guidelines' range would be without one enhancement driving Chun's Guidelines range that may overcompensate for his conduct. The Guidelines range is increased by four points for material involving infants and toddlers. U.S.S.G. § 2G2.2(b)(4)(B). In his interview, Chun told HSI agents that he disapproves of violence against children and was not interested in pornography involving children younger than 10 years old—yet he acknowledged agents may find such material as he did not always delete files. PSR ¶¶ 15–17, 22. Corroborating these statements, one of the files Probation identified as supporting the four-point toddler/infant enhancement was found in the recycling bin on Chun's device. *See* PSR ¶ 25 (describing file in recycling bin). Without this enhancement, if the remaining enhancements and adjustments were similarly applied, the total offense level would be 24 and the Guidelines' range would 51 to 63 months of imprisonment. Finally, the need to avoid unwarranted sentencing disparities, under 18 U.S.C. § 3553(a)(6), supports the government's recommended

downward variance in this case. For example, the Judiciary Sentencing INformation (JSIN) data provided by Probation demonstrates that similarly situated defendants over the past five years have received an average sentence of 53 months' imprisonment and "the median length of imprisonment imposed was 54 months." PSR ¶¶ 134–137.

For all the reasons stated above, the government recommends the Court impose 51 months of imprisonment, followed by five years of supervised release, as a sufficient, but not greater than necessary sentence for Chun to balance all of the § 3553(a) sentencing factors in this case.

### C. The Government Seeks a Restitution Order of $79,000

Restitution for victims of child pornography offenses—including possession of child pornography—is mandatory under 18 U.S.C. § 2259. Victims are statutorily entitled to restitution under the provisions of the Mandatory Victim Restitution Act of 1996, the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (the AVAA), and the Mandatory Restitution for Sexual Exploitation of Children Act of 1994. Specifically, in child pornography trafficking cases—which is defined to include offenses under 18 U.S.C. § 2252, as Chun has pleaded to here—the Court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the defendant's crime, and then "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." 18 U.S.C. § 2259(b)(2); *see also Paroline*, 572 U.S. at 457–62. Restitution in possession of child pornography cases serves "twin goals of helping the victim achieve eventual restitution for all her child-pornography losses and impressing upon offenders the fact that child-pornography crimes, even simple possession, affect real victims." *Paroline*, 572 U.S. at 457.

Chun agreed, as part of his plea agreement in this case, "to pay full restitution for all losses caused by all the schemes or offenses" with which he was charged in the Indictment. Dkt. 18. Restitution is to be "set by the Court at the time of sentencing[.]" *Id.*; *see also* PSR ¶ 54. To the extent there is a dispute about the correct amount of restitution, it is the government's burden to demonstrate the amount of the loss to the victim by a preponderance of the evidence. *See United States v. Waknine*,

543 F.3d 546, 556 (9th Cir. 2008) (citing 18 U.S.C. § 3664(e)).

The victims from 12 identified series of child pornography images, which were possessed by the defendant in this case, have submitted requests for restitution. Specifically, the victims are from the following series: one victim from the AprilBlonde series, one victim from the At School series, one victim from the FaceBaby series, one victim from the JBN Flowers1 series, one victim from the JBN Flowers2 series, one victim from the Jenny series, one victim from the Lighthouse1 series, one victim from the RedGlassCry series, one victim from the SweetWhiteSugar series, one victim from the Tara series, one victim from the Vicky series, and one victim from the ZooFamily1 series. As detailed in their victim impact statements and restitution requests, these victims incurred losses as a result of the defendant's possession of child pornography depicting the victims. *See* 18 U.S.C. § 2259(b)(2)(A). The government therefore requests **$79,000** in total restitution, apportioned as follows:

| Victim Series | Restitution Amount | Restitution to be Paid to |
|---|---|---|
| AprilBlonde | $5,000 | Restore The Child PLLC in trust for April<br>2522 N. Proctor St., Ste 85 |
| At School | $10,000 | Carol L. Hepburn in trust for Violet<br>PO Box 17718 |
| FaceBaby | $10,000 | Marsh Law Firm PLLC in trust for Carrie<br>ATTN: Carrie<br>PO Box 4668 #65135 |
| JBN Flowers1 | $5,000 | Restore The Child PLLC in trust for Jen<br>2522 N. Proctor St., Ste 85 |
| JBN Flowers2 | $5,000 | Restore The Child PLLC in trust for Ivy<br>2522 N. Proctor St., Ste 85 |
| Jenny | $10,000 | Marsh Law Firm PLLC in trust for Jenny<br>ATTN: Jenny<br>PO Box 4668 #65135 |
| Lighthouse1 | $10,000 | Deborah A. Bianco, in trust for Maureen<br>P.O Box 6503 |
| RedGlassCry | $3,000 | Utah Crime Victims Legal Clinic in trust for Taylor<br>404 East 4500 South Ste B24 |
| SweetWhiteSugar | $5,000 | Deborah A. Bianco, in trust for Pia<br>P.O Box 6503 |
| Tara | $3,000 | Sherri Jackson on behalf of Tara<br>PO Box 1890 |
| Vicky | $10,000 | Carol L. Hepburn in trust for Lily<br>PO Box 17718 |

| ZooFamily 1 | $3,000 | Moore & Van Allen PLLC<br>ATTN: Sarah<br>100 N. Tryon Street, Suite 4700 |
|---|---|---|
| **TOTAL** | **$79,000** | |

## CONCLUSION

With full consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), together with the goals of sentencing, the United States respectfully requests that the Court sentence Defendant Christopher William Wai Joon Chun to 51 months of imprisonment, to be followed by 5 years of supervised release (with the conditions recommended by the U.S. Probation Office), no fine, and at least $5,100 as a mandatory special assessment. The Court should also order that Chun pay $79,000 in restitution, apportioned among the victims as indicated above.

DATED: May 16, 2023                                 Respectfully submitted,

                                                    ISMAIL J. RAMSEY
                                                    United States Attorney


                                                    */s/ Kelly I. Volkar*
                                                    KELLY I. VOLKAR
                                                    Assistant United States Attorney